IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY and MARY CAROL PUNTILLO,<br><br>        Plaintiffs,<br><br>    v.<br><br>DAVE KNECHT HOMES, LLC, DAVID J. KNECHT, and KAREN M. KNECHT, Individually, and as Trustee of the KAREN M. KNECHT TRUST DATED JANUARY 13, 2005,<br><br>        Defendants. | Case No. 15 C 11839<br><br>Judge Harry D. Leinenweber |

# ORDER

Before the Court are Defendants' Motion to Dismiss for Failure to State a Claim [ECF No. 13], and Defendants' Motion to Strike [ECF No. 18]. For the reasons stated herein, the Motions are denied.

# STATEMENT

Plaintiffs Anthony and Mary Carol Puntillo ("the Puntillos") contracted with a company called Northridge Builders, Inc. ("Northridge") to build their house in Indiana. They moved into the completed house in March 2008 and began to notice problems with the construction. The Puntillos blamed Northridge, and the parties were unable to resolve their differences. The Puntillos brought suit in Indiana state court and a jury awarded them $800,835 in damages in December 2013.

The Puntillos allege that, during their litigation against Northridge, the company's owner, David J. Knecht, initiated a fraud to immunize himself from an adverse judgment against Northridge. First,

the Puntillos allege that David Knecht and his wife, Karen Knecht (collectively, "the Knechts"), began to spend down and transfer Northridge's assets. In 2013, the Knechts formed a new entity in Illinois called Dave Knecht Homes, LLC ("Knecht Homes," a Defendant in the present action), and allegedly transferred the construction business of Northridge to Knecht Homes. The Puntillos claim that included in the transfer to Knecht Homes were Northridge's "goodwill, business methods and know-how, business contacts, intellectual property, corporate opportunities, and experienced employees," including David Knecht himself. (Compl. at ¶ 18.) The Knechts then formally dissolved Northridge in September 2015.

The Puntillos now sue the Knechts and Knecht Homes for fraud under Illinois law. The Court has jurisdiction pursuant to 28 U.S.C. § 1332; the Knechts and Knecht Homes are based in Illinois, while the Puntillos reside in Indiana. The Puntillos do not state definitively how much of the $800,835 judgment they failed to collect, but they claim it exceeds the statutory minimum for diversity. The Knechts move to dismiss the Complaint pursuant to Rule 12(b)(6).

The Court notes at the outset that the Puntillos' claims, which all are based in allegations of fraud, are subject to the heightened pleading standard of Rule 9(b); as such, they must state with particularity the circumstances, including the "who, what, when, where, and how," underlying the fraud. *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990).

Count 1 of the Complaint is for fraudulent transfer, which the Puntillos allege was accomplished through the transfer of assets from Northridge to Knecht Homes. The Illinois Uniform Fraudulent Transfer Act ("IUFTA") provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

740 ILCS 160/6(a). The statute defines a "claim," in turn, to include "a right to payment, whether or not the right is reduced to judgment . . . [or] disputed. . . ." 740 ILCS 160/2(c). The Puntillos allege that, after they initiated litigation, the principals of Northridge established Knecht Homes, and then began funneling the assets of Northridge into the new entity to render Northridge judgment-proof. The Puntillos' "claim" for purposes of fraudulent transfer clearly arose when they initiated the Indiana litigation in 2012 (and probably before that). The Puntillos also provide approximate dates during which the events occurred and details about the similarities between Northridge and Knecht Homes. Anything more specific – such as the nature and value of any obligations taken on by Northridge – would require discovery of information under the Defendants' control. The Court finds that the Puntillos have pled adequately under Rule 9(b) a claim for fraudulent transfer.

The same goes for Count 2, a claim for successor liability. As a general rule, a corporation that purchases another corporation's assets does not take on the target's liabilities as well; there are several exceptions to that rule, however, including an exception for when the transaction is used by the target as a method of bypassing payment of its debts. *See, Thornton v. M7 Aerospace LP,* 903 F.Supp.2d 654, 663-64 (N.D. Ill. 2012) (applying Illinois law and collecting cases). The Court already recited the allegations that would support application of this exception and attendant successor liability. The Puntillos also allege sufficient facts to invoke a separate exception, applicable when the new corporate entity is a mere continuation of the former. *See, id*. In short, Count 2 is pled adequately.

Count 3 is a claim to pierce the veil of the now-defunct Northridge in order to reach its principals: David Knecht, Karen Knecht, and the Karen M. Knecht Trust ("the Trust"). This claim presents a slightly closer question. Normally shareholders, officers, and directors are entirely separated from the liabilities of their corporation, but courts may pierce this "corporate veil" when two conditions are met: "there is such unity of interest and ownership between the individual . . . and the corporation that the separate

personalities of the corporation and the individual no longer exist, and . . . adherence to the fiction of separate corporation existence would sanction a fraud or promote injustice." *Laborers' Pension Fund v. Lay-Com, Inc.,* 580 F.3d 602, 610 (7th Cir. 2009) (applying Illinois law) (internal quotations and citations omitted).

The Trust replaced David Knecht as the sole shareholder of Northridge sometime after the Puntillos sued in 2012; meanwhile, David Knecht continued to serve as the company's sole director and officer. (Compl. at ¶ 14.) The Complaint alleges that David and Karen Knecht and the Trust exercise such a high degree of control over Northridge that there is effectively no separation between them. The Complaint generally is short on facts backing up that accusation. But the allegations supporting fraudulent transfer suggest that Northridge's principals may have conducted a sham, manipulating Northridge in order to make the entity "a mere liability shield." *Wachovia Secs., LLC v. Banco Panamericano, Inc.,* 674 F.3d 743, 752 (7th Cir. 2012) (internal quotations and citation omitted). If true, that would suggest a unity of interest necessary to satisfy the first required element for veil-piercing. And, of course, the same allegations support an inference that to shield the principals from liability would sanction a fraud, satisfying the second element. The allegations are sufficient to raise a right of relief against the Knechts and the Trust above the speculative level. At this stage, that's the only requirement. *See, Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

The Court denies Defendants' Motion to Dismiss [ECF No. 13]. The Court advises Defendants that it only relied on the factual allegations contained in the original Complaint to decide this Motion. For that reason, the Defendants' Motion to Strike [ECF No. 18], which objected to new factual allegations contained in Plaintiffs' brief, is denied as moot.

                                              **Harry D. Leinenweber, Judge**
                                              **United States District Court**

**Dated: June 30, 2016**